*Smith v. Town of East Montpelier*, No. 278-5-18 Wncv (Teachout, J., July 31, 2018).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                              **CIVIL DIVISION**
**Washington Unit**                                                          **Docket No. 278-5-18 Wncv**

**JEREMY SMITH and ERIKA SMITH**
**o/b/o ROWEN SMITH**
     **Plaintiffs**


     **v.**


**TOWN OF EAST MONTPELIER and**
**CITY OF MONTPELIER**
     **Defendants**

### DECISION
### The City of Montpelier's Motion to Dismiss

Plaintiffs Jeremy Smith and Erika Smith allege that the Town of East Montpelier and the City of Montpelier have failed to implement a plan they "arrived at" for the provision of emergency medical services (EMS) for their young son, who has a serious medical issue that can present life-threatening emergencies. The City of Montpelier has filed a motion to dismiss, arguing that Plaintiffs, residents of East Montpelier, have failed to identify any cognizable legal claim against the City, which has no contractual or other obligation to provide primary EMS to East Montpelier residents.

Plaintiffs allege in the complaint that they held a meeting at their home, which was attended by the Montpelier fire chief, one or more representatives of the Town of East Montpelier, and others with an interest in the welfare of Plaintiffs' son. They allege that a plan was "arrived at" but never implemented by the City (or the Town). The plan apparently would require that any 911 call for assistance would simultaneously be sent to the EMS providers in both the City and the Town and both would simultaneously respond. Plaintiffs' interest in the City being the primary first responder for their son is that, though residents of East Montpelier, they live closer geographically to Montpelier's EMS provider and it presumably could respond more quickly. They also assert that there may be differences in quality or availability as Montpelier's EMS providers are full-time professionals while East Montpelier's are part-time volunteers.

Plaintiffs' complaint describes the circumstances and the relief they seek. It does not purport to identify any legal claim. The City argues in its Rule 12(b)(6) motion that the complaint fails to state any claim against it. Plaintiffs' opposition briefing makes general references to constitutional issues, certain statutes, and certain cases as well as biblical verse, John Locke, and other moral or inspirational passages or thoughts. It does not in any clear way identify what Plaintiffs' legal claim may be.

As a general matter, Vermont municipalities may, but are not required to, provide

ambulance services. 24 V.S.A. § 2604. Plaintiffs do not assert that the City voluntarily undertakes to provide ambulance service or EMS in a primary capacity to residents of the East Montpelier, which is what they are seeking here. They do not allege that the City has contracted with East Montpelier to do so. They do not assert that the City is in an emergency medical services district that requires it to do so. See 24 V.S.A. §§ 2651–2657. They do not assert that the Department of Health or Agency of Human Services has implemented the general policy in favor of EMS, 18 V.S.A. § 901, in some manner obligating the City to do so. Vermont's Good Samaritan statute, 12 V.S.A. § 519, which they cite, does not require particular municipalities to subsidize the provision of EMS in neighboring municipalities.

To the extent Plaintiffs cite the Equal Protection and Common Benefits Clauses, no claim is apparent. Plaintiffs are not asking to be treated the same as those similarly situated. They are asking for special treatment that similarly situated people do not get. Similarly, with no property or liberty interest at issue, it is not clear what sort of due process claim Plaintiffs could have.

With no apparent legal obligation of any kind to do what Plaintiffs want, there can be no mandamus, certiorari, or other such claim under Rule 75. Plaintiffs' abstract invocation of "equitable principles" and general reference to the "merger of law and equity," without more, is insufficient to state a claim.

Plaintiffs also cite several cases, including *Lochner v. New York*, 198 U.S. 45 (1905); *Town Highway No. 20*, 2012 VT 17, 191 Vt. 231; *Baker v. State*, 170 Vt. 194 (1999); and *Brigham v. State*, 166 Vt. 246 (1997). None of these cases reveals a legal claim in the circumstances of this case.

In short, Plaintiffs essentially assert what they view as a moral duty obligating one municipality to freely provide to the residents of another a service that the other municipality does not see fit to offer, or offer as effectively, to its own citizens. They have not, however, identified any legal claim by which they may enforce any such duty.

ORDER

For the foregoing reasons, the City of Montpelier's motion to dismiss is *granted*.

Dated at Montpelier, Vermont this 31st day of July 2018.

_____
Mary Miles Teachout
Superior Judge

2